Watkins v. Hackett et al.

DANIEL J. WATKINS

*vs.*

CHARLES W. HACKETT, impleaded with JOHN YALE, *et al.*

December 9, 1865, plaintiff, being owner of several adjoining tracts of land in Wabasha county sold and conveyed the same to Yale, taking back a mortgage of the same to secure payment of the unpaid portion of the purchase money as follows: $1,000 in three years; $1,000 in four years; $1,000 in five years; and $1,500 in six years, all with 12 per cent. interest, payable annually. Default having been made in the payment of the first two installments, and of a large amount of interest due, plaintiff by virtue of the usual power of sale in the mortgage, duly foreclosed by advertisement; the premises at the foreclosure sale (which took place June 10th, 1869,) being offered and sold in separate parcels to the plaintiff for $3,288.20 (being the amount of the two installments due, of the interest due and the foreclosure fees,) and the plaintiff thereupon receiving the usual certificate of sale. June 7th, 1870, Yale mortgaged said lands to Hackett to secure a certain sum of money and interest. June 14th, 1870, Hackett, claiming to be a creditor of Yale, and to have a lien upon said lands as mortgagee, and claiming the right as such creditor and mortgagee, to redeem from the foreclosure sale; and for the purpose of redeeming therefrom, paid to the proper sheriff $3,557.50, being the amount for which the property was bid off as aforesaid, with interest and charges. This sum was accepted in redemption from such sale by the sheriff, who thereupon executed and delivered to Hackett the usual and regular certificate of redemption, which was duly recorded within ten days. The redemption money was afterwards paid over to the plaintiff, who accepted the same under the supposition (of which Hackett was aware,) that the redemption was not claimed to give Hackett any rights in the premises except subsequent and subject to the lien of plaintiff's mortgage for the three unpaid installments.

*Held*, that Hackett (upon taking the steps provided in the statute, as he did in this case,) was entitled to redeem from the plaintiff's foreclosure sale, by paying the amount paid by him [Hackett] as aforesaid, and that

his redemption was valid and effectual as an assignment to him of the rights acquired by the plaintiff under such sale.

*Held further*, that Hacket's rights under his said redemption are subject to a lien in favor of plaintiff for the unpaid installments of his mortgage, and that plaintiff is entitled to foreclose on account of such lien.

This is an appeal by the plaintiff from an order of the district court for Wabasha county, sustaining a general demurrer interposed by defendant Hackett to his complaint. The facts alleged in the complaint, and the object of the action, and the questions raised by the demurrer are, in brief, as follows :

On December 9, 1865, defendant Yale, and his wife, executed and delivered to the plaintiff, a mortgage upon certain lands in Wabasha county, to secure the sum of $5,500, payable in five different installments, which mortgage contained the usual power of sale in case of default. Subsequently, default having been made in the payment of the first two installments and interest, said mortgage was foreclosed by advertisement under the statute for such default, and on June 10th, 1869, said mortgaged lands were sold in said foreclosure to the plaintiff, for the amount then due on the mortgage for principal, interest and costs, leaving the three remaining installments not due, wholly unpaid.

The defendant, Hackett, a creditor of Yale, with a lien on said lands by way of mortgage dated the 7th day of June, 1870, redeemed the same from said sale, on June 14th, 1870, by paying to the sheriff of said county, the amount bid at said sale, with interest and fees and costs of redemption, and received the usual certificate on redemption, which was duly recorded. Plaintiff accepted and retains the redemption money. The action is brought for the purpose of having the interest of Hackett in the lands acquired under the redemption adjudged to be subject to the lien and incumbrance of the

plaintiff's mortgage for the three unpaid installments, and that said mortgage be foreclosed to satisfy and pay such installments. Hackett claims that by the redemption he acquired the fee of the lands, discharged from the lien of plaintiff's mortgage for the unpaid installments.

S. L. CAMPBELL, and THOMAS WILSON, for Appellant.

SCOTT & HAHN, for Respondent.

*By the Court.*—BERRY, J.—On the ninth day of December, 1865, the plaintiff was owner in fee of the following lands in township 110, range 11, Wabasha county, to-wit: The northeast quarter of the southwest quarter, and the southeast quarter of the northwest quarter, and the southwest quarter of the northeast quarter, and the northwest quarter of the southeast quarter, and the west half of the northwest quarter of section sixteen, and also a small parcel in section seventeen, adjoining the parcels last mentioned.

On the same day plaintiff sold and conveyed said lands to John Yale, taking back a mortgage of the same to secure payment of the unpaid portion of the purchase money, to-wit, $5,500, payable in installments as follows, viz.: $1,000 in two years; $1,000 in three years; $1,000 in four years; $1,000 in five years, and $1,500 in six years, all with twelve per cent. interest, payable annually. Default having been made in the payment of the first two installments, and of a large amount of interest due, the plaintiff by virtue of the usual power of sale in the mortgage contained, duly foreclosed by advertisement; the premises at the foreclosure sale (which took place June 10th, 1869,) being offered and sold in separate parcels to the plaintiff for $3,288.20 (being the amount of the two installments due, of the interest due and the foreclos-

ure fees,) and the plaintiff thereupon receiving the usual certificate of sale.

On June 7th, 1870, Yale mortgaged said lands to defendant Hackett, to secure payment of a certain sum of money and interest. On the fourteenth day of June, 1870, Hackett claiming to be a creditor of Yale, and to have a lien upon said lands as mortgagee, and claiming the right as such creditor and mortgagee to redeem from the foreclosure sale, and for the purpose of redeeming therefrom, paid to the proper sheriff, $3,557.50, being the amount for which the property was bid off as above and with interest and charges. This sum was accepted in redemption from said sale by the sheriff, who thereupon executed and delivered to Hackett the usual and regular certificate of redemption, which was duly executed and acknowledged, and within ten days duly recorded. The redemption money was afterwards paid over to the plaintiff who accepted it, supposing that the redemption was not claimed to give Hackett any rights in the premises except subsequent and subject to the lien of his (plaintiff's) mortgage for the three unpaid installments, of which supposition on plaintiff's part Hackett was aware, at and prior to, the redemption. Hackett, by virtue of his redemption, claiming the fee simple of the lands free and discharged from the lien of plaintiff's mortgage for the unpaid installments, this action is brought,

1st. To have Hackett's rights and interests arising out of the redemption declared and adjudged to be subsequent and subject to the lien of plaintiff's mortgage for said unpaid installments ; and

2d. For a foreclosure and for a sale of the lands on account of said installments.

The gist of plaintiff's contention in this case is that Hackett had no right to redeem without paying the whole sum secured by plaintiff's mortgage, and that if by consent of plaintiff

Hackett redeemed from the foreclosure sale by paying the sum for which the lands were sold and interest and sheriff's fees (as in this instance,) he took subject to the lien of plaintiff's mortgage for the three unpaid installments.

The defendant, on the other hand, contends that by making such payment he acquired the lands free and discharged from any lien in favor of plaintiff on account of the unpaid installments.

Section 3, ch. 81, Gen. Stat., reads as follows, viz. : " Where a mortgage is given to secure the payment of money by installments, each of the installments, either of principal or interest, mentioned in such mortgage, may be taken and deemed to be a separate and independent mortgage ; and such mortgage for each of such installments, may be foreclosed in the same manner, and with the like effect, as if such separate mortgage was given for each of such subsequent installments, and a redemption of any such sale by the mortgagor shall have the like effect as if the sale for such installments had been made upon an independent prior mortgage." The plaintiff's mortgage being such as is described in the first clause of this section of the statute, might properly be taken and deemed as respects each installment, to be a separate and independent mortgage. When the plaintiff foreclosed on account of the mortgagor's default in paying so much of the money secured as was due, to-wit, the first two installments and the interest in arrear, and bid in the mortgaged premises for the amount of said two installments and interest and the expenses of foreclosure, he availed himself of the privilege accorded by this section of the statute. In other words, he divided his mortgage, separating the installments and interest due, from the installments and interest not due, thereby, in so far as the latter installments and interest were concerned, treating his mortgage and causing it to be " taken and deemed," in the eye of the law, as one or

Watkins v. Hackett et al.

more (it is unimportant which,) mortgages, separate and independent from a mortgage securing the installments and interest for which he had foreclosed.

Under such a state of facts, the plaintiff, after his foreclosure proceedings, occupied the same position as if the mortgagor had executed to him separate mortgages upon the same land, simultaneous in origin and execution, one or more as the case might be, to secure the two installments and interest due, and one or more as the case might be, to secure the other three installments and interest to accrue. Being thus in the position of a mortgagee holding two or more separate mortgages of the same land, contemporaneous in their origin and execution, who has foreclosed one of such mortgages, what is the effect of the foreclosure upon the lien of the separate and independent mortgage which has not been foreclosed? The effect of a foreclosure by advertisement is defined by *sec.* 12, of *ch.* 81, *Gen. Stat.*, in defining the effect of the certificate of sale which is made the purchaser's muniment of title. This section enacts that " such certificate so proved, acknowledged and recorded shall, upon the expiration of the time for redemption, operate as a conveyance to the purchaser or his assigns, of all the right, title and interest of the mortgagor in and to the premises named therein at the date of said mortgage without any other conveyance whatever." The words " all the right, title and interest of the mortgagor in and to the premises named therein at the date cf said mortgage," of course, do not have the effect of enlarging the grant made by the mortgage. That is to say, the sale and the certificate of sale do not operate to pass any greater interest or estate than that which was passed by the mortgage. For instance, if the mortgagor, owning a tract of land in fee simple, conveys the same in mortgage reserving a right of flowage to be thereafter exercised by the mortgagor or his

assigns, the foreclosure sale and certificate would not pass all the mortgagor's right, title and interest at the date of the mortgage, but only such right, title and interest subject to the reservation. So if the owner in fee simple should convey an estate for years in mortgage, it cannot be the meaning of the statute that a foreclosure of such mortgage would transfer the mortgagor's fee simple to the purchaser. It would seem to be unnecessary to further multiply illustrations for the purpose of showing that the sale and the certificate thereof convey only the right, title and interest of the mortgagor at the date of the mortgage, as the same is conveyed in the mortgage.

The application of this proposition to the case at bar, is this:—As we have already seen, the plaintiff is in the position of a mortgagee holding two or more separate and independent mortgages of the same land, contemporaneous, in their origin and execution. These mortgages being contemporaneous, neither of them possess any precedence over another. They stand on the same footing, and there is no priority of lien among them. It follows that the lien of each is subject to the lien of the other. The security is in common, so to speak. Let us suppose then, for the purpose of simplifying the argument, that the mortgagor in this case had, in fact and in form, executed to the plaintiff two separate and independent mortgages of the same land (owned by the mortgagor in fee simple,) contemporaneous in origin and execution, so that neither would be paramount to the other, but both would stand upon the same footing in every respect. Now what would be the right, title, and interest conveyed by either mortgage ?

Clearly it would not be an unincumbered fee simple, but it would be the fee simple, subject to the incumbrance of the other mortgage,—an incumbrance giving its holder a right in

Watkins v. Hackett et al.

the premises as a mortgagee in all respects equal to the right of his fellow mortgagee.

There is, for reasons before given, no difference between the case supposed, and the case presented (as in the instance at bar,) by a mortgage payable in installments.

The right, title and interest conveyed by the mortgagor in this instance by what is to be deemed a separate mortgage or mortgages securing the first two installments, and the interest accrued was, then, not his entire right, title and interest in the mortgaged premises, but such entire right, title, and interest subject to another mortgage or mortgages of equal standing in all respects with the former to secure the other three installments not yet due, and the interest to accrue. And because no more could be sold, or could pass by the foreclosure sale upon that which the law takes and deems to be a separate and independent mortgage than was conveyed by such mortgage, it follows that the foreclosure sale for the first two installments and the interest due, operated to pass only the right, title, and interest of the mortgagor at the date of the mortgage, subject to the aforementioned co-equal lien of the separate and independent mortgage or mortgages, securing the last three installments and interest accruing after the foreclosure. It further follows that the plaintiff's lien for said three installments and interest was not impaired by the foreclosure, but continued to be a valid and subsisting lien upon the mortgaged premises even after the expiration of the time for redemption.

The next question is, what was the effect of the redemption made by the defendant Hackett? As to Hackett's *status* we agree with the counsel upon both sides that he is to be regarded as a *creditor* within the meaning of the statutes regulating redemptions. *Gen. St., chap.* 81, *sections* 13–16. Not only is he a creditor in fact because his mortgage appears to have

VOL. XX.—15

been given to secure an indebtedness of Yale to him, but the provisions of *section* 14, that a redemption by an *assign annuls the sale* would seem to be decisive in favor of his character as a *creditor*, since, if he be not a creditor, a redemption by him would appear to be a mere gratuity to the mortgagor or the owner of the equity of redemption.

We are also of opinion that Hackett is to be regarded as the *senior creditor* within the meaning of *section* 16, since it does not appear that there was any other lien upon the premises subsequent to the plaintiff's mortgage older than his lien. And if it is to be presumed (as we are inclined to think it is, under the allegations of the complaint,) that the notice of intention to redeem required by *section* 16, was seasonably filed by Hackett, and that no such notice was filed by any creditor having a lien older than Hackett's, it would appear that Hackett would be the senior creditor within the intent of the statute, whether he was senior in fact or not. The meaning and purpose of the statute seems to be to hold the person to be senior creditor who files the required notice, and has an older lien subsequent to the mortgage than any other creditor who files like notice.

*Sections* 15 *and* 16 provide as follows : "If such redemption is made by the owner of the property sold, his heirs or assigns, such redemption annuls the sale ; if by a creditor holding a lien upon the property or some part thereof, said certificate  *  *  *  *  operates as an assignment to him of the right acquired under such sale, subject to such right of any other person to redeem, as is, or may be provided by law." *Section* 16. "If no such redemption is made, the senior creditor having a lien, legal or equitable, on the real estate or some part thereof, subsequent to the mortgage, may redeem within five days after the expiration of said twelve months ; and each subsequent creditor having such lien, within five

days after the time allowed all prior lien holders, as aforesaid, may redeem by paying the amount aforesaid and all liens prior to his own held by the party from whom the redemption is made." It will be seen that these provisions have no application to the plaintiff so as to render it necessary for him to redeem from himself in this instance, since his lien for the last three installments and interest is not *subsequent* to the separate and independent mortgage which he has foreclosed, but, as we have seen, the two are contemporaneous.

These statutory provisions do, however, apply to Hackett. He is the senior creditor, and as such is, in our judgment, permitted to redeem upon the same terms as the mortgagor; that is to say, "by paying (according to *sec.* 13) the sum of money for which the property was sold, together with interest on the same," with any legal fees added.

The statutory provisions on the subject of redemptions, especially sections 15 and 16, are exceedingly imperfect and obscure. But the view which we take as to the terms upon which the senior creditor may redeem, so far from being based upon any strained construction of the statute, is, we think, most agreeable to its language, as it would be naturally interpreted and commonly understood. While it does not operate to impair or injuriously affect, the rights of the foreclosing mortgagee in respect to installments of his mortgage debt for which he has not foreclosed, it is easy to conceive of cases (they have been numerous in the history of this state,) in which it would be greatly to the advantage of the senior creditor to be permitted to redeem without paying any more of the debt secured by the foreclosed mortgage than had become due, and was included in the foreclosure. Doubtless many cases have occurred and will occur in which the privilege of redeeming on such terms would put it in the power of such creditor

to save a debt which would be lost were he compelled to raise the entire amount secured by the first mortgage.

So also, for the mortgagor this construction is most equitable and just ; for his creditor's privilege of redeeming upon the terms mentioned may be presumed to operate in general to satisfy, to a greater or less extent, the mortgagor's indebtedness to such redeeming creditor.

From the foregoing considerations it follows that Hackett was entitled to redeem from the plaintiff's foreclosure sale by paying, as he did, the sum for which the premises were sold with interest and the proper fees and for aught that appears in the case, his redemption was valid and effectual as an assignment to him of the rights acquired by the plaintiff under such sale. As to what these rights are, it is unnecessary to repeat what we have before so fully stated.

The conclusions to which we have thus arrived, dispose of the case in its present aspect, since it follows from them that Hackett's rights under his redemption are subject, as hereinbefore indicated, to the plaintiff's lien for the unpaid installments of his mortgage and interest, and that the plaintiff is entitled to foreclose on account of such lien. Upon his complaint the plaintiff is therefore so far entitled to the relief which he asks. As for Hackett, we perceive no reason now why his rights and equities in the premises—as well as those of all parties concerned—may not be adjusted in this action.

Order sustaining demurrer reversed.