S. C. DICK *vs.* JEREMIAH MOON and others.

December 22, 1879.

26 309
69 469
d69 471

Mortgage—Foreclosure—Subrogation.—M. executed to D. four notes, and a mortgage upon real estate to secure them. D. assigned the notes and mortgage to T., and executed to him a mortgage upon real estate to secure two of the notes. All of the notes becoming due, T. proceeded to foreclose both mortgages, claiming in each proceeding the whole amount due on the mortgage involved in it. The sale in the foreclosure of the mortgage executed by D. was made first, and produced enough to satisfy the two notes secured by that mortgage, and costs. Immediately after, the sale in the foreclosure of the mortgage executed by M. was made, at enough to satisfy the other two notes and costs, T. being the purchaser. *Held,* that upon the sale, under his mortgage, satisfying the notes secured by it, D. was entitled to receive these notes, and hold and enforce them against M., and he also became in equity an owner with T. of the mortgage executed by M.; that the foreclosure by T. of that mortgage exhausted it, so that D.'s only remedy, aside from the personal one against M., was against the product of the foreclosure, and he was not entitled to have the M. mortgage adjudged a subsisting mortgage for the amount of the two notes paid by the sale of his land, nor have it foreclosed to satisfy them.

Appeal by plaintiff from a judgment of the district court for Winona county, where the action was tried before *Mitchell,* J. The case is stated in the opinion.

*Taylor & Sperry,* for appellant, argued that under Gen. St. *c.* 81, § 3, the mortgage made by Moon was to be regarded as a separate mortgage for each instalment. That two of the four notes secured by it having been paid by the sale under plaintiff's mortgage to Tourtelotte, the plaintiff, immediately on such sale, became in law the owner of these two notes, and in equity entitled to the mortgage securing them; and therefore, at the time of the subsequent foreclosure, by Tourtelotte, of the Moon mortgage, two of the instalments secured by that mortgage belonged to plaintiff and two of them to Tourtelotte. The latter could and did foreclose the Moon mortgage for his own two instalments only, and as to the plaintiff's two instalments the Moon mortgage has never been

foreclosea at all, and plaintiff, as against Moon and all claiming under him with notice of the facts, is entitled to have the Moon mortgage foreclosed for the two instalments of the mortgage debt held by him. *Watkins* v. *Hackett,* 20 Minn. 106.

As to the two instalments for which plaintiff gave the collateral mortgage on his own land, the plaintiff thereby became surety for Moon; and when he paid them, he became entitled to all the rights and securities held by Tourtelotte, and this right relates back to the date of plaintiff's becoming such surety. 2 Lead. Cas. in Eq. (4th ed.) 306; 1 Jones on Mort. §§ 874–885; *Dearborn* v. *Taylor,* 18 N. H. 153; *Lewis* v. *Palmer,* 28 N. Y. 271; *Ellsworth* v. *Lockwood,* 42 N. Y. 89; *Barnes* v. *Mott,* 64 N. Y. 397; *Mathews* v. *Aiken,* 1 N. Y. 595; *McArthur* v. *Martin,* 23 Minn. 74; Brandt on Suretyship, §§ 260 *et seq.* The payment by plaintiff to Tourtelotte, (by means of the sale of plaintiff's land under his mortgage,) while it satisfied two instalments of the mortgage debt, and discharged the mortgage *pro tanto,* so far as Tourtelotte was concerned, did not have that effect as between the plaintiff and Moon. As between them, the notes were still unpaid, and the mortgage a subsisting security for those two instalments. *McArthur* v. *Martin,* 23 Minn. 74.

*Wilson & Gale,* for respondents.

GILFILLAN, C. J. The facts, so far as necessary to the decision of the case, are: On August 19, 1873, Moon executed to plaintiff four promissory notes, for $200 each, falling due at different dates, the last on March 1, 1878, and, to secure them, executed a mortgage upon real estate consisting of one tract, which authorized the mortgagee, in case of default in payment of any of the sums secured, to declare the whole due, and contained the usual power of sale in case of default. On March 12, 1874, plaintiff sold and transferred the notes and mortgage to Tourtelotte, and, to secure the two notes first falling due, executed to Tourtelotte a mortgage, with a power of sale, upon real estate belonging to himself. Subsequently,

the notes becoming all due under the terms of the Moon mortgage, Tourtelotte commenced at the same time proceedings under the powers to foreclose both mortgages, claiming as due on the mortgage of plaintiff, $400 and interest, and on the mortgage of Moon, $800 and interest.

At the sales, the sale under the plaintiff's mortgage was had first, and the land was sold for enough to satisfy the two notes secured by it and costs. The sale under the Moon mortgage was for enough to satisfy the other two notes and costs. Tourtelotte became the purchaser in both cases. Within the time for redemption, plaintiff paid Tourtelotte all there was due him, redeeming his own land from the sale, and took from him an assignment of the certificate of sale under the Moon mortgage, and a reassignment of the mortgage, and of the two notes which had been secured by the mortgage on plaintiff's land. After the foreclosure of his mortgage, Moon conveyed the land covered by it to Seales, who redeemed the land from the sale. The relief asked in the case is that the Moon mortgage be adjudged a subsisting mortgage for the two notes which were satisfied by the sale under plaintiff's mortgage, and that it be foreclosed, and the land covered by it sold, to satisfy the amount due on said notes.

The effect of this would be to declare that, although, after the entire amount secured by it became due, the mortgage was duly foreclosed, yet the lien is not exhausted, but that the mortgage may be foreclosed again, and the land sold a second time—and that, not by reason of any transaction to which the mortgagor was a party, or to which he consented, but solely by reason of a transaction between the mortgagee and one to whom he had assigned the mortgage and the debt secured by it.

The doctrine invoked to bring about this extraordinary result is the equitable doctrine of subrogation, applied in the case of a surety who pays the debt for which he is bound, and

thereby becomes entitled to the securities which the creditor holds for the debt. The proper application of this doctrine will stop short of the result claimed by plaintiff. When the land mortgaged by plaintiff was sold, it paid, as between plaintiff and Tourtelotte, the two notes secured by plaintiff's mortgage. The case stood as though plaintiff had paid Tourtelotte the amount of these notes in cash. He was entitled to receive the notes from the latter, and to hold and enforce them against Moon, for, as to Moon, they were not paid. He became, also, in equity, an owner with Tourtelotte of the mortgage which Moon had executed to secure the four notes. To give him these rights was all that the doctrine of subrogation would do for him. The legal title to the mortgage and the power of sale was still in Tourtelotte. He had the right, and indeed it was his duty, to enforce the mortgage, to satisfy as well the notes to which plaintiff was entitled as those wholly belonging to himself.

The question is not here involved whether either—and if so which—plaintiff or Tourtelotte, was entitled to a preference in the fund that might arise from enforcing the mortgage, if it were not sufficient to satisfy all the notes. It is certain they could not divide the mortgage and make it two, nor make two rights to foreclose. The case of *Watkins* v. *Hackett*, 20 Minn. 106, was decided upon a statute differing materially from that governing the Moon mortgage. But even if Gen. St. *c.* 81, § 4, had not been enacted, and section 3 were the only one making provision for mortgages payable in instalments, that case would not be authority for the suggestion that a mortgagee in a mortgage payable in instalments might wait till the entire mortgage debt became due, and then have as many foreclosures, and as many sales of the same tract of land, as there were instalments.

Under this mortgage there could be but one foreclosure—but one sale. Tourtelotte had the legal right to make that foreclosure for himself and plaintiff, and the foreclosure

exhausted the mortgage. It was no longer security for any part of the debt. The plaintiff's remedy after that, aside from his personal one against Moon, was against the product of the foreclosure.

Judgment affirmed.