PETER E. HANSON *vs.* FREDERICK W. DUNTON and others.

May 21, 1886.

Mortgage—Foreclosure—Instalment—Lien.—Where, by the terms of a mortgage, the whole amount of principal and interest secured is to become due upon the mortgagor's default in the payment of interest, and upon such default the mortgagee forecloses for the principal, and a part at least of the overdue interest, upon the basis that the whole amount of the principal and accrued interest is due, such foreclosure exhausts the lien of the mortgage.

Plaintiff brought this action in the district court for Ramsey county, to restrain the defendants from proceeding to foreclose by advertisement a certain mortgage, alleged by plaintiff to have been fully paid and satisfied by a prior foreclosure by advertisement. The defendants answered, and the plaintiff moved for judgment on the pleadings. The motion was granted by *Simons,* J., and the defendants appeal from the judgment.

The mortgage in question was made by Hans Peterson to the Sullivan Savings Institution, on August 10, 1875, for the sum of $2,000, payable five years from date, with interest at 10 per cent. per annum, payable semi-annually. After the giving of the mortgage, and before the foreclosure, Hans Peterson and wife conveyed to the plaintiff a portion of the land mortgaged. In the mortgage there was an agreement that if the mortgagor should fail to pay the said note or the interest thereon when the same became due, then the whole sum of money therein secured should thereupon become due and payable at once. On February 26, 1880, the Sullivan Savings Institution began proceedings to foreclose this mortgage by advertisement. The amount claimed to be due and stated in the notice of sale was the sum of $2,354.76. On April 10, 1880, pursuant to the notice of sale, the lands mortgaged were duly sold at mortgage foreclosure sale, for the sum of $2,467, and the certificate of sale, in the usual form, was duly executed and recorded. On August 20, 1880, the plaintiff and the other parties, who had become the owners of the remainder of the

lands mortgaged, duly redeemed from this mortgage sale. On January 2, 1882, the Sullivan Savings Institution executed and delivered to the defendants an assignment of the mortgage. Under this assignment the defendants have given notice of foreclosure sale, claiming that there is due on the mortgage the sum of $770. The answer admits the above facts, but denies that the first foreclosure was for the whole amount then unpaid, and alleges that, through mistake and error, the amount of three interest coupon notes secured by the mortgage was omitted in the computation of the amount due, and that to enforce the payment of these notes the defendants are proceeding to foreclose a second time.

*Berryhill & Davison,* for appellants.

The sale under the foreclosure proceedings was annulled by the subsequent redemption, and the lien of the mortgage for the unpaid portion of the debt still exists and can be enforced. *Daniels* v. *Smith,* 4 Minn. 117, (172;) *Standish* v. *Vosberg,* 27 Minn. 175; *Herber* v. *Christopherson,* 30 Minn. 395.

*Uri L. Lamprey,* for respondent.

BERRY, J. By the terms of the mortgage involved in this case the whole amount which it secured was to become due upon the mortgagor's default in the payment of interest. By foreclosing for the principal, and for at least a part of the overdue interest, before the expiration of the time *fixed* for the payment of the principal, the mortgagee exercised its election (if any were required) to treat, and in fact did treat, the whole amount of principal and accrued interest as due, and, having assumed to foreclose on this basis, it necessarily foreclosed once for all.

Having thus made that which the mortgagor might have paid in instalments payable as an entirety, the entirety became one and indivisible, and the mortgagee could not split it into two or more parcels, and foreclose first for one and afterwards for others. The first foreclosure exhausted the lien of the mortgage. *Dick* v. *Moon,* 26 Minn. 309, (4 N. W. Rep. 39,) appears to cover this case completely. There is no true analogy between it and a case in which, a mortgage debt being payable in instalments, a foreclosure has been had for the first instalment when due, and, redemption from the sale having been

effected, a subsequent foreclosure may be had for the next instalment when *it* becomes due. Here the whole mortgage debt became due as an entirety, and was so treated by the mortgagee at the time of and by its foreclosure.

Judgment affirmed.