FREDERICK LOOMIS v. ANDREW H. CLAMBEY.[1]

October 26, 1897.

Nos. 10,796—(153).

**Mortgage Foreclosure—Sale—Extinguishment of Lien.**
　　Where a mortgage is given upon a single tract of land to secure a debt
　　due and payable as an entirety, and upon default in payment a foreclosure
　　is had, under the power contained in the mortgage, a sale for less than
　　the amount due exhausts the lien of the mortgage.

Appeal by defendant from an order of the district court for Otter Tail county, Baxter and Searle, JJ., overruling defendant's demurrer to the complaint on the ground that it failed to state a cause of action. Reversed.

*Uri L. Lamprey,* for appellant.

*John P. Williams, C. E. Chapman,* and *Mason & Hilton,* for respondent.

COLLINS, J.

From the allegations of the complaint herein, it appears that a mortgage was given upon a single tract of land to secure the payment of a certain promissory note. Two years after the note matured an assignee of the mortgagee foreclosed, under the power of sale contained in the mortgage, for the full amount of the principal and interest then due and unpaid. At the foreclosure sale, such assignee bid in the land for about $400 less than was due, with the costs and expenses of foreclosure. This defendant, having succeeded to the mortgagor's interest in the land, duly made redemption from the sale; and then the assignee, who had once foreclosed the mortgage, brought this action to foreclose for the balance remaining unpaid and unsatisfied by the sale. All of the facts are fully detailed in the complaint, and the appeal is from an order overruling a general demurrer thereto.

On principle, there is no difference between this case and those of Dick v. Moon, 26 Minn. 309, 4 N. W. 39, and Hanson v. Dunton, 35 Minn. 189, 28 N. W. 221.

[1] Reported in 72 N. W. 707.

In the first mentioned of these, four notes, maturing at different periods of time, were secured by a mortgage upon a single tract of land, the mortgagee being authorized, in case of default in the payment of any of the notes, to declare the whole due. Default having been made, whereby the whole debt matured, Tourtelotte, an assignee of the mortgagee, proceeded to foreclose the mortgage under the power; but at the sale, and because of another transaction between such assignee and the mortgagee, the land was sold for enough to satisfy but two of the notes, the assignee becoming the purchaser. The land was redeemed from the sale by the owner thereof, and then an action was brought to have the mortgage adjudged a subsisting lien for the amount due upon the other notes, and to foreclose the same for such amount. The court there said, page 312 (and the language is applicable here), that

"Under this mortgage there could be but one foreclosure,—but one sale. Tourtelotte had the legal right to make that foreclosure, * * * and the foreclosure exhausted the mortgage. It was no longer security for any part of the debt."

It was also said, with reference to the earlier case of Watkins v. Hackett, 20 Minn. 92 (106), that it was decided upon a different statute from that governing the mortgage then being considered; and, even if it had not been, that case "would not be authority for the suggestion that a mortgagee in a mortgage payable in instalments might wait until the entire mortgage debt became due, and then have" more than one foreclosure.

In the second of these cases (Hanson v. Dunton) the principal of the debt was due as an entirety in five years. The interest was payable seminannually, with an agreement that, if the interest was not paid when due, the whole sum of money secured should become due and payable at once. Default having been made in the payment of interest, foreclosure proceedings were had under the power, and the premises sold for the full amount claimed to be due. From this sale redemption was made. Later, alleging that, by mistake in the foreclosure proceedings, certain interest actually due had been omitted in the computation, an assignee of the mortgagee brought an action to foreclose for such interest. The court held that, having treated the whole amount of principal and accrued interest as due,

and having assumed to foreclose on that basis, the mortgagee necessarily foreclosed once for all. It was said by the court in conclusion:

"Having thus made that which the mortgagor might have paid in instalments payable as an entirety, the entirety became one and indivisible, and the mortgagee could not split it into two or more parcels, and foreclose first for one, and afterwards for others. The first foreclosure exhausted the lien of the mortgage. Dick v. Moon, 26 Minn. 309, 4 N. W. 39, appears to cover this case completely. * * * Here the whole mortgage debt became due as an entirety, and was so treated by the mortgagee at the time of and by its foreclosure." [2]

See, also, Fowler v. Johnson, 26 Minn. 338, 3 N. W. 986, and 6 N. W. 486.

When considering the effect of a mortgage foreclosure under a power, a sale for less than the amount claimed to be and actually due, and a redemption from the sale by the mortgagor or his successor in interest, there can be no valid distinction suggested between a mortgage given to secure the payment of a certain sum as an entirety, and foreclosed because the whole debt is due and unpaid, and a mortgage given to secure a debt payable in instalments, with an agreement, acted upon in the foreclosure, that, if any instalment is in default, the whole debt shall at once mature. In either case the debt matures by agreement of the parties, and the whole is due and payable when the foreclosure proceedings are initiated. The foreclosure is for the whole debt, and not for an instalment.

There is nothing in the last paragraph of the opinion in Standish v. Vosberg, 27 Minn. 175, 6 N. W. 489, which justifies a different view. It has not been quite correctly quoted by counsel for plaintiff.

Order reversed.

[2] 35 Minn. 190.