# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

C. N. McLAUGHLIN v. CHARLES BETCHER and Another.[1]

June 27, 1902.[2]

Nos. 13,018—(107).[3]

**Ejectment—Adverse Title—Estoppel.**

>N. gave a mortgage to H., with the usual covenants, on land to which she had in fact no title. She subsequently conveyed the land to B., who assumed and agreed to pay the mortgage debt. B. went into possession of the land under the deed; and thereafter the true owner of the same asserted his title thereto, and B. took a lease from him, and subsequently a deed, and remained in possession. The administrator of H. foreclosed his mortgage in court, B. being a party thereto, but his interests in the land by reason of his purchase of the adverse and actual title were excluded from the operation of the decree of foreclosure. The land was sold to the administrator by virtue of this decree, and there was no redemption. *Held*, in an action of ejectment by the administrator to recover possession of the land from B., that the latter is not estopped from asserting such adverse and actual title as a defense.

Action of ejectment in the district court for Wabasha county by plaintiff, as executor of the estate of William E. Wording, deceased. The case was tried before Snow, J., who found that defendant Betcher was the owner of the premises and as conclusion of law directed that the action be dismissed. From a judgment of dismissal entered pursuant to the findings, plaintiff appealed. Affirmed.

*Brown & Abbott* and *J. A. Sawyer*, for appellant.

*Campbell & Campbell*, for respondent.

[1] Reported in 91 N. W. 14.     [2] See note on page iv.     [3] April, 1902, term.

87 M.—1

BROWN, J.

Action in ejectment. Defendant Betcher had judgment in the court below, and plaintiff appeals.

The facts are as follows: In 1862 the United States, by patent, conveyed the land in controversy to one Mary Frenier, and the patent was duly recorded. In 1868 she conveyed the land to Brosseau and Grant, but the deed was never recorded. In 1873 she executed a power of attorney to one Shillock, authorizing and empowering him to sell and convey the land for her, and under which, but after her death, Shillock conveyed the land to Mattie E. Nicholson. The deed and power of attorney were both recorded. In 1876, the year following the conveyance from Shillock, Mrs. Nicholson mortgaged the land to one Hallock to secure the payment of an indebtedness due him. Thereafter Mrs. Nicholson conveyed the land to defendant Betcher, and Betcher assumed and agreed to pay the mortgage debt. He also executed to Mrs. Nicholson a second mortgage upon the land, securing a portion of the purchase price. Under this deed Betcher entered into the possession of the land, and has since retained it. The mortgage by Mrs. Nicholson to Hallock was duly foreclosed in an action brought for that purpose, and the time of redemption has expired. This action was brought to recover the possession of the land, the right of action being based upon the title acquired through such foreclosure. Plaintiff is the administrator of the estate of one Wording, who succeeded to the mortgagee's rights.

It will be well to note, in passing, that Mrs. Nicholson acquired no title whatever to the land by the Shillock deed. Shillock conveyed by virtue of the power of attorney given him by Mrs. Frenier, but at the time of the conveyance she was dead, and, of course, Shillock had not power to convey at that time; and, having no title, Mrs. Nicholson conveyed none to defendant Betcher. At the time of the Shillock conveyance the title to the land was in Brosseau and Grant by the deed executed to them by Mrs. Frenier in 1868,—though that deed, as we have already stated, was never recorded,—the failure to record which would, under our registry statute, render the title conveyed thereby inferior to the title conveyed by the Shillock deed, which was recorded, had Shillock had

the power to convey. But for the reason that Mrs. Frenier was dead, he had no right to execute the power of attorney, and his deed conveyed no title whatever. Betcher learned of this defect in the title to the land, and refused to pay the mortgage debt, though he continued in the possession of the property. In 1887 Brosseau and Grant conveyed the land to S. L. Campbell; and Campbell, in turn, the same year, leased it to defendant Betcher, and subsequently, in 1894, conveyed the same to him by deed.

The controversy between the parties now is just this: Plaintiff bases his right of possession under the title acquired through the void Shillock deed and the foreclosure of the Hallock mortgage, and defendant Betcher claims under the Campbell title. In the action to foreclose the Hallock mortgage, Betcher was made a defendant therein, and this court held (70 Minn. 71, 72 N. W. 827, 73 N. W. 1) that the foreclosure proceedings should be limited to the title and interest in the mortgaged property held by Mrs. Nicholson at the time the mortgage was given, and that the rights of Betcher, claiming under the Campbell title, could not be barred by a foreclosure of that mortgage. We regard the decision in that case, whether right or wrong,—and by this remark we do not wish to be understood as doubting its correctness,—controlling in the case at bar. Plaintiff sought in the former action to foreclose the Hallock mortgage, and to have determined and adjudicated therein the rights of Betcher to the land and its possession. Betcher set up in defense in that action the same facts he now relies upon; and the court held that the rights acquired by him under the Campbell title were superior to the rights of plaintiff, and unaffected by the mortgage, and judgment was ordered accordingly. The questions now in issue were there fully litigated, and the legal rights of the parties settled and determined. If, as was held in that case, plaintiff could not foreclose his mortgage so as to bar Betcher's rights under the Campbell title, we are unable to see how, on principle, he can accomplish that end in an action based upon the result of that foreclosure.

But if we are in error in this conclusion, we discover nothing in appellant's contentions to justify a reversal. In the former action it was held that the only rights plaintiff could acquire under the

foreclosure were those that became vested in the mortgagee at the time of the execution of the mortgage; and it must be conceded that, as Mrs. Nicholson had no title whatever to the mortgaged property, no right or title whatever passed by the mortgage, and plaintiff stands without a foothold to support his cause of action at the present time, unless the possession of Betcher, taken under the Nicholson deed, gave vitality to that which without it was lifeless. Appellant's main contention is that as it appears from the evidence that defendant Betcher obtained possession of the land under the Nicholson deed, from which possession he has never been dispossessed by those holding the paramount or Campbell title, he is estopped from denying the validity of the Hallock mortgage, subject to which he obtained the Nicholson title, and the amount of which he assumed and agreed to pay as a part of the purchase price of the land. A number of cases are cited in which the principles of law applicable between landlord and tenant, co-tenants, and vendor and vendee under an executory contract for the sale of land are laid down and discussed, and wherein it is held that the tenant, or vendee in an executory contract for the sale of land, cannot dispute the landlord's or vendor's title, or interpose in defense to an action for the possession of the land the paramount title in some other person.

But these principles can have no application in the case at bar. It is true that defendant Betcher entered into possession of the land under the Nicholson deed; but his rights thereunder were not subordinate to, nor was he under any obligation to protect or preserve, any rights Mrs. Nicholson had in the premises, and he held possession solely in his own right and in his own interests. By Betcher's agreement to pay the mortgage debt, he did not become bound by the covenants of the mortgage, except that he could not resist an appropriation of the land to the payment of the debt thereby secured. His contract in that respect was personal, and could be enforced against him, even without a foreclosure of the mortgage; but, if an attempt to enforce it by action were made, he could interpose in defense the fact that he obtained no title by the deed, and in consequence that there was a total failure of consideration for his assumption of the mortgage debt, and it would

constitute a complete defense. Lowry v. Hurd, 7 Minn. 282 (356); 8 Am. & Eng. Enc. (2d Ed.) 208. Nor was it necessary that he be dispossessed of the property by the holder of the paramount title, to enable him to interpose such a defense, or before purchasing or otherwise acquiring the outstanding title. He had the right to remain in the possession of the land, and, if, on investigation, he found that he must ultimately surrender to the holder of the paramount title, to acquire it in such manner as he deemed proper and for his best interests. Ogden v. Ball, 40 Minn. 94, 41 N. W. 453. And his agreement to pay the mortgage debt could in no way interfere with his right to thus proceed. By this agreement he was under no duty or obligation to protect the lien of the mortgage, but only to pay the debt, and this he could not be compelled to do if he obtained nothing for his promise.

Upon no principle of equity or good conscience, from the mere fact that he has continued in the possession of the land after the assertion of title thereto by the real owner thereof, can Betcher be held estopped from acquiring such adverse and paramount title. The only basis for plaintiff's claim to the land at this time is the fact that defendant has had the possession since obtaining the Nicholson deed, which conveyed nothing to him; but no benefit accrued to the mortgagee from such possession, and inasmuch as it was not founded in any moral or legal duty to protect the mortgage lien, or the rights of those claiming under the mortgage, it is not sufficiently potent to infuse validity into plaintiff's otherwise void title.

Judgment affirmed. _____