GURINE O. KOPPANG and Another v. HALVOR STEENERSON and Others.[1]

March 1, 1907.

Nos. 15,040—(188).

**Subrogation—Rights of Creditor.**

G. conveyed certain land owned by her to plaintiffs, under an agreement that they should mortgage the same and with the proceeds and other money to be advanced by them redeem from the foreclosure of a prior mortgage, the time for which was about to expire, and pay and discharge other liens against the land. They mortgaged the land to the Netherlands Mortgage Company, and with the proceeds, and other funds of their own, made redemption and discharged the other liens. It was agreed that upon the repayment of this money by G. plaintiffs would reconvey the property to her. Defendant E. became the owner of the Netherlands mortgage and the promissory notes secured thereby. He brought an action against plaintiffs to recover upon the notes, without a foreclosure of the mortgage, and obtained judgment, which plaintiffs paid. Plaintiffs then brought an action to foreclose their equitable mortgage for the money advanced by them over and above the amount of the Netherlands mortgage, and recovered judgment. The land was sold thereunder, and defendant S. redeemed therefrom, having previously obtained title from the original owner, G. Defendant S. knew of the relations existing between G. and plaintiffs, and all facts connected with the transaction between them. After being compelled to pay the judgment to E., recovered on the indebtedness secured by the Netherlands mortgage, plaintiffs brought this action to be subrogated to the rights of E. in the Netherlands Company mortgage, and asked for its foreclosure in their favor to reimburse them

[1] Reported in 111 N. W. 153.

for the payment made on the judgment recovered by E. It is *held* that plaintiffs were mere sureties for G., and are entitled in equity to be reimbursed out of the land for all moneys paid by them in the discharge of the judgment recovered by E. on the notes secured by the Netherlands mortgage.

**Action not Barred by Former Action.**

The action to foreclose their equitable mortgage is not a bar to this action to foreclose the Netherlands mortgage.

**Separate Foreclosures.**

The equitable mortgage and the Netherlands mortgage constituted separate, independent contracts, and could be foreclosed severally.

**Findings.**

The findings of the court are sustained by the evidence.

Action in the district court for Polk county to be subrogated to the rights of defendant, L. Ellington, in a certain real-estate mortgage and to foreclose the same. The case was tried before Watts, J., who found in favor of plaintiffs. From an order denying a motion to vacate findings and for a new trial, defendants appealed. Affirmed.

*Charles Loring,* for appellants.

*A. A. Miller,* for respondents.

BROWN, J.

The facts in this case, briefly stated, are as follows: Elsie Germager was the owner of the land here sought to be charged, upon the facts hereinafter stated, with a specific lien in favor of plaintiffs. She had incumbered it by a mortgage for the sum of $600. The mortgage was foreclosed, from which she was unable to redeem. To enable her to do so, she entered into a contract with Gurine O. Koppang, plaintiff, by which the latter and her husband undertook and agreed to make redemption for her. In pursuance of this contract, Mrs. Germager and her husband conveyed the land by warranty deed to Mrs. Koppang, in consideration of her verbal agreement to thereafter mortgage the land for all that she could obtain thereon, and with the proceeds and other money to be advanced by her redeem from the foreclosure and pay and discharge other liens against the

land. In pursuance of this understanding, Mrs. Koppang and her husband mortgaged the land to the Netherlands American Mortgage Company for the sum of $800, and with the proceeds and other money furnished by them made redemption from the foreclosure and discharged the other liens against the land. A controversy subsequently arose between the Germagers and the Koppangs respecting the nature of the transaction just referred to, the Koppangs insisting that the deed to Mrs. Koppang was an absolute conveyance, and that there was no agreement on her part to make redemption from the foreclosure in the interests of the Germagers; and an action was brought by the Koppangs to recover possession of the land, but it was subsequently dismissed.

Thereafter the Koppangs brought another action against the Germagers, alleging that the transaction between the parties was substantially as claimed by the Germagers, praying as relief that the deed referred to be declared a mortgage in favor of the Koppangs, that the court ascertain the amount of money advanced by them to effect redemption and discharge the other liens against the land, and that the land be sold in foreclosure to pay and discharge the same. The Germagers appeared in that action and by answer admitted all the allegations of the complaint. Judgment was rendered in accordance with the prayer of the complaint. The land was subsequently sold for the amount found due the Koppangs, not including the $800 mortgage to the Netherlands Company; the plaintiff, Gurine O. Koppang, being the purchaser at the sale.

Thereafter the Germagers conveyed the property to defendant Steenerson by warranty deed, and he redeemed from the foreclosure and sale just referred to by paying the proper amount to the sheriff of the county. At the time Steenerson obtained his deed to the property, and at the time of making redemption from the foreclosure of the equitable mortgage just mentioned in favor of the Koppangs, he was fully advised of the respective rights of the Koppangs and the Germagers, and all the facts relative to the transaction between them. Thereafter defendant Ellington purchased the mortgage of $800 to the Netherlands Company, and an assignment thereof and the notes which it secured were transferred and delivered to him. The

100 M.—16

assignment was properly recorded in the office of the register of deeds of Polk county, where the land is located. He then brought an action in the district court, through his attorney, defendant Steenerson, against the Koppangs, to recover the amount of indebtedness secured by that mortgage, not asking a foreclosure of the mortgage. Plaintiffs interposed in that action in defense the facts upon which they now rely to sustain their right to enforce the amount of that mortgage against the land; but the defense was held not available to them, for the reason that Ellington was a bona fide holder of the notes for value. Judgment was ordered, and entered in favor of Ellington, for the amount due on the notes, and the Koppangs thereafter paid it. Ellington made no effort or attempt to foreclose the Netherlands mortgage, and the same has never been foreclosed, or the indebtedness thereby secured otherwise paid than by the payment made by plaintiffs on the judgment recovered against them by Ellington.

Plaintiffs brought this action, setting out all the facts, and praying that they be subrogated to the rights of Ellington in the Netherlands Company, and that that mortgage be foreclosed in their favor. The trial court found the facts here outlined, but in greater detail, and as conclusions of law that plaintiffs were entitled to judgment and decree of court subrogating them to the rights of Ellington in the Netherlands Company mortgage, adjudging them the owners thereof, that it constituted a first lien upon the property for the full amount of the judgment paid by them to Ellington, and that the same be foreclosed in accordance with the prayer of the complaint. Defendant Steenerson appealed from an order denying a new trial.

There can be no serious question but that the trial court correctly disposed of the case. The plaintiffs herein, in the transaction with the Germagers, occupied the position of sureties, and whatever they did in respect to the redemption from the foreclosure of the $600 mortgage and the discharge of other liens against the land at the instance of the Germagers was solely and exclusively for their benefit. The land constituted a fund for the payment of the entire indebtedness incurred by the Koppangs, and, as they realized nothing of a pecuniary or other nature by the transaction, they are entitled in equity and good conscience to be subrogated to the rights of Ellington and to

enforce the Netherlands mortgage against the land. McArthur v. Martin, 23 Minn. 74.

Counsel for appellant does not seriously contend that such is not the proper rule of equity to apply; but he urges that plaintiffs lost their rights in the premises by failing to include in their action to foreclose their equitable mortgage, from which defendant Steenerson made redemption, the amount of the Netherlands mortgage, and are now estopped from asserting it; that they had, as against the land, one indivisible cause of action, which included the moneys advanced by them to discharge liens against the land, and also the amount of the Netherlands mortgage, which they could not separate into different causes of action, and could enforce it only as an entirety.

We do not concur in this view. The judgment in the action to foreclose the equitable mortgage in favor of plaintiffs expressly excluded from its operation the Netherlands mortgage (McLaughlin v. Betcher, 87 Minn. 1, 91 N. W. 14); and as that was a separate contract, capable of independent enforcement, either by action to foreclose or foreclosure under the statute by advertisement, plaintiffs were not bound to include the amount thereof in their former action. Fowler v. Johnson, 26 Minn. 338, 3 N. W. 986, 6 N. W. 486, Loomis v. Clambey, 69 Minn. 469, 72 N. W. 707, 65 Am. St. 576, and Dick v. Moon, 26 Minn. 309, 4 N. W. 39, cited by appellant, are not in point. In those cases a single mortgage was involved, while in the case at bar there are two independent mortgages; the equitable one for the advances made by the Koppangs and that to the Netherlands Company.

Counsel for appellant also contend that the right of subrogation now insisted on was barred by the judgment in the action brought by Ellington to recover upon the notes, that the facts giving rise to the right of subrogation were there pleaded in defense, and that the judgment rendered therein is conclusive against them. The merits of the question here involved were not reached in that case. The court found that Ellington was a bona fide holder of the notes secured by the Netherlands mortgage, and, such being the case, the rights here sought to be enforced were not available as a defense and could not have been determined in that action. It is, therefore, no bar. A judgment is a bar to further litigation only to the extent that the issues and ques-

tions presented in the action were or could have been litigated in the former suit.  23 Cyc. 1317.

We have examined the record respecting all assignments of error, and find no reason for disturbing the conclusion reached by the learned trial court.  The findings of fact are sustained by the evidence.

Order denying a new trial affirmed.